# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2631
Lower Tribunal No. 13-35088
_____

**Johnnie Mae Edwards,**
Appellant,

vs.

**Reverse Mortgage Solutions, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jon I. Gordon, Senior Judge.

Legal Services of Greater Miami, Inc., and Jacqueline C. Ledón, for appellant.

McCalla Raymer and Toby Foor-Pessin (Orlando), for appellee.

Before, SALTER, FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

The defendant, Johnnie Mae Edwards, appeals the entry of a final judgment of foreclosure entered in favor of appellee, Reverse Mortgage Solutions, Inc., in this reverse residential mortgage foreclosure case. Following this Court's recent opinion in Smith v. Reverse Mortgage Solutions, Inc., etc., 2015 WL 4257632 (motions for rehearing and rehearing en banc pending), we reverse because Reverse Mortgage failed to establish a condition precedent to its right to foreclose.

On November 21, 2006, Willie A. Edwards obtained a reverse mortgage from Reverse Mortgage using the equity in his marital home (a home equity conversion mortgage). Mr. Edwards signed and executed a promissory note for the debt. The note defines "borrower" as the person who signs at the end of the note. Mr. Edwards, joined by his wife, Johnnie Mae Edwards, secured the debt by signing and executing a mortgage. Mrs. Edwards appears as a borrower on the mortgage's signature block. However, she was not mentioned in the note, and her signature was not on the note.

On April 10, 2008, Mr. Edwards passed away. As per the terms of the mortgage's acceleration provision in paragraph 9(a)(i):

**Grounds for Acceleration of Debt. Due and Payable.** Lender may require immediate payment in full of all sums secured by this Security Instrument if: A borrower dies and the Property is not the principal residence of at least one surviving Borrower; . . .

Accordingly, Reverse Mortgage Solutions, Inc. accelerated the debt. Mrs. Edwards failed to pay the alleged sum due under the note and defaulted. On November 8,

2

2013, Reverse Mortgage filed a one-count foreclosure action. Initially, Mrs. Edwards was defaulted for her failure to appear and for failing to file any responsive pleadings. However, she eventually appeared pro se. A non-jury trial was held, at which point she had obtained counsel to represent her.

At trial, due to having been defaulted, Mrs. Edwards was barred from testifying and from entering affirmative defenses. Her counsel stated that she no longer had title of the home, having quitclaimed it to her husband prior to his application for the reverse mortgage. This assertion was not objected to. Mrs. Edwards contended that despite the default, Reverse Mortgage was still required to prove its case. She maintained that Reverse Mortgage needed to prove she defaulted under the note and mortgage by failing to pay the payment due on April 10, 2008 and all subsequent payments. The trial court held that Reverse Mortgage was entitled to foreclosure because Mr. Edwards was the only borrower under the note, and therefore, the only borrower for the purposes of the mortgage's acceleration provision. Accordingly, as Mr. Edwards was now deceased, the trial court entered final judgement in favor of Reverse Mortgage. Mrs. Edwards then filed this appeal.

We believe the issue before us today is the exact same issue that was recently addressed by this Court in Smith v. Reverse Mortgage, Solutions, Inc., etc., 2015 WL 4257632. In Smith, we found that "based on the plain and

3

unambiguous language of the mortgage," both the deceased husband and his wife were treated as "borrowers" under the mortgage, and each borrower was "protected from the foreclosure of the mortgage until **both** borrowers died." Id. at *3 (emphasis added). Thus, we held in Smith that the wife who survived her spouse was a co-borrower and that her death was a condition precedent to Reverse Mortgage Solutions' ability to foreclose. Id. In Smith, as in the case before us, the surviving spouse was a borrower under the mortgage, but was not designated a borrower under the note.

As in Smith, we hold that the trial court's final judgment in the case before us should be reversed because Reverse Mortgage has not met the condition precedent required before it is able to foreclose on Mrs. Edward's property. Here, Mrs. Edwards is a co-borrower, and her death is a condition precedent to Reverse Mortgage's ability to foreclose on the property. Smith at *5.

We agree with the reasoning in Smith that this holding is consistent with Florida's Homestead provisions, Article X, § 4(c), Florida Constitution, as well as the purpose of federal laws related to reverse mortgages enacted to prevent the displacement of elderly homeowners. See Smith at *4; 12 U.S.C. § 1715z-20(j). This provision provides, and as we stated in Smith, "For purposes of this subsection, the term 'homeowner' includes the spouse of a homeowner." See Smith at *11; 12 U.S.C. § 1715z-20(j).

4

We adhere to <u>Smith</u> and agree that "it would be difficult, if not impossible, for us to construe [Mrs. Edwards] as anything other than a 'Borrower'". Accordingly, Mrs. Edwards is a "borrower" for purposes of Paragraph 9 of the mortgage's acceleration provision. <u>Smith</u> at *5. It then follows that pursuant to the acceleration clause, Reverse Mortgage had to establish that either Mrs. Edwards died or that as of the date of the trial in the lower court, the property was no longer Mrs. Edward's residence. The record reflects that Mrs. Edwards is still alive, and the property is still her residence. Accordingly, Reverse Mortgage may not foreclose the mortgage, pursuant to the 9(a)(i) acceleration provision, against Mrs. Edwards, who is a surviving borrower under the mortgage, but not a borrower under the note.

We reverse the trial court's Final Judgment of Foreclosure and remand the case to the trial court to enter final judgment in favor of Mrs. Edwards.

Reversed and remanded with instructions.